**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL EDUARDO MORALES-ROMERO, AKA Manuel Eduardo, AKA Manuel Eduardo Morales, AKA Manuel Romero, | No. 18-70050 |
| Petitioner, | Agency No. A094-459-451 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023**
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Manuel Morales-Romero seeks review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal of a final order of removal

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

issued by an Immigration Judge (IJ).  We have jurisdiction to consider his legal challenge under 8 U.S.C. § 1252(a)(2)(D), and deny the petition for review.

The BIA correctly determined that section 13-3415 of the Arizona Revised Statutes is divisible.  *See Romero-Millan v. Garland*, 46 F.4th 1032, 1047 (9th Cir. 2022).  Morales-Romero does not challenge the BIA's application of the modified categorical approach and determination that his conviction under section 13-3415(A) for possession of cocaine paraphernalia matches a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i), thereby forfeiting any such argument. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).  Accordingly, the BIA correctly determined that Morales-Romero is removable under § 1227(a)(2)(B)(i).[1]

**PETITION DENIED.**

---

[1] Morales-Romero does not challenge the BIA's determinations that he is ineligible for cancellation of removal, asylum, withholding of removal, and protection under CAT.  Nor does he challenge the BIA's determination that the IJ did not violate his due process rights.  His failure to challenge those conclusions constitutes forfeiture of the claims.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).